BRETT D. CRAGUN (#8683)
CRAGUN & CRAGUN
Mailing: PO Box 160234
Clearfield, UT 84016
Telephone (801) 513-2060
Fax (801) 513-2082
Brett@BrettCragun.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

-----------------------------------------------------------------------x

Danielle Spence, individually and on behalf of all others similarly situated,

                       Plaintiff,

   -against-

Johnson Mark LLC,
Midland Credit Management, Inc.,

                Defendant(s).

-----------------------------------------------------------------------x

Civil Action No: 2:22-cv-821

Demand for Trial by Jury

## __COMPLAINT__

Plaintiff Danielle Spence ("Plaintiff"), brings this Class Action Complaint by and through her attorneys against Defendant Johnson Mark LLC ("Defendant JM") and Defendant Midland Credit Management, Inc. ("Defendant MCM") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## __INTRODUCTION/PRELIMINARY STATEMENT__

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The Act was promulgated because do the concern that "abusive debt collection practices contribute to the number of personal bankruptcies,

to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that the "effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the Defendant JM's principal place of business is here.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action  on behalf of similarly situated consumers under Section 1692 *et seq.* of Title 15 of the United States Code, commonly known as the Fair Debt Collection Practices Act ("FDCPA").

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Idaho, County of Canyon.

8.    At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

9.  Defendant JM is a Utah entity with a principal place of business, where they will also accept service of process, of 4246 S. Riverboat Road, Suite 100, Salt Lake City, Utah 84123.

10. Defendant JM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

11. Defendant JM is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

12. Defendant MCM is a California entity with an address for service of process with its registered agent c/o Corporation Service Company at 15 West South Temple, Suite 600, Salt Lake City, Utah 84101.

13. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FCPA.

14. Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## <u>CLASS ALLEGATIONS</u>

15.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16.     The Class consists of:

      a.    all individuals to whom Defendant JM sent an initial collection letter;

      b.    on behalf of Defendant MCM;

      c.    attempting to collect a consumer debt;

      d.    which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021;

      e.    providing an amount owed;

      f.    based on a particular date range between a date certain and "today;"

      g.    without dating the collection letter;

      h.    and/or which failed to properly name the original creditor for the alleged debt;

      i.    which letter was sent on or after a date one (1) year prior to the filing of this action.

17.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

18.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g.

20.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

21.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g.

    c.  **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d.  **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any

interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>Factual Allegations</u>

24. Plaintiff incorporates by reference all of the above paragraphs numbered 1 through 23 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

25. At some time prior to July 4, 2019, Plaintiff allegedly incurred an obligation with an unknown, unspecified creditor arising out of transactions incurred primarily for personal, family, or household purposes.

26. The alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The original creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. Upon information and belief, the original creditor sold or otherwise assigned the allegedly past due debt to Defendant MCM.

29. Defendant MCM is therefore a "debt collector" as defined in the FDCPA.

30. Upon information and belief, Defendant MCM contracted Defendant JM to collect the alleged debt.

31. Therefore, Defendant JM is a "debt collector" as defined in the FDCPA.

32. Defendant JM collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

<u>*Violation – Undated Collection Letter*</u>

33. On a date better known to Defendant JM, Defendant JM sent Plaintiff a collection letter ("Letter") regarding the alleged debt. *See* Letter attached as **Exhibit A**.

34. Said Letter failed to comply with the FDCPA, including failing to comply with the directives of the Consumer Financial Protection Bureau.

35. Pursuant to 15 U.S.C. § 1692l(d) "[e]xcept as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

36. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

37. The CFPB also provided commentary supplementing Regulation F to provide further directives for any debt collector following the requirements laid out in Regulation F.

38. The Letter, while apparently being modeled after the model notice prepared by the CFPB, fails to provide all of the information required by Regulation F and further is drafted in a way that prevented Plaintiff from acquiring all of the relevant, necessary information regarding the alleged debt, making the Letter inaccurate, misleading, and/or deceptive.

39. 12 CFR § 1006.1 provides:

    (a) ***Authority***. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

    (b) ***Purpose.*** This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

    (c) ***Coverage.***

        (1) Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

        (2) Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

40. 12 CFR § 1006.18(b) reiterates the requirements of 15 U.S.C. § 1692(e) by stating:

    (2) A debt collector must not falsely represent:

        (i)      The character, amount, or legal status of any debt.

41. The CFPB provided Comment 18(e)(1) which states:

> 1. **Example.** A debt collector must make the disclosure required by § 1006.18(e)(1) in the debt collector's initial communication with a consumer, regardless of the medium of communication and regardless of whether the debt collector or the consumer initiated the communication.

42. 12 CFR § 1006.34(a) states:

> (1) *Validation information required*. Except as provided in paragraph (a)(2) of this section, a debt collector must provide a consumer with the validation information described in paragraph (c) of this section either:
>
> > (i)   By sending the consumer a validation notice in a manner permitted by § 1006.42;
> >
> > > (A) In the initial communication, as defined in paragraph (b)(2) of this section; or
> > >
> > > (B) Within five days of that initial communication.

43. 12 CFR § 1006.34(b) states:

> (1) *Clear and conspicuous* means disclosures that are readily understandable. In the case of written and electronic disclosures, the location and type size must be readily noticeable to consumers.
>
> (2) *Initial communication* means the first time that, in connection with the collection of a debt, a debt collector conveys information, directly or indirectly, regarding the debt to the consume, other than a communication in the form of a formal pleading in a civil action, or any form or notice …
>
> (3) *Itemization date* means any one of the following five reference dates for which a debt collector can ascertain the amount of the debt:
>
> > (i)    The last statement date, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by the creditor;
> >
> > (ii)   The charge-off date, which is the date the debt was charged off;
> >
> > (iii)  The last payment date, which is the date the last payment was applied to the debt;

(iv)    The transaction date, which is the date of the transaction that gave rise to the debt; or

(v)    The judgment date, which is the date of a final court judgment that determines the amount of the debt owed by the consumer.

44. 12 CFR § 1006.34 continues:

(c) **_Validation information_**. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information

(1) **_Debt collector communication disclosure._** The statement required by § 1006.18(e).

(2) **_Information about the debt_**. Except as provided in paragraph (c)(5) of this section:

(i)    The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original-creditor information.

(ii)    The consumer's name and mailing address.

(iii)    If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

(iv)    The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

(v)    The name of the creditor to whom the debt currently is owed.

(vi)    The itemization date.

(vii)    The amount of the date on the itemization date.

(viii)    An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

(ix)    The current amount of the debt.

45. 12 CFR § 1006.34(d) further states that "The validation information required by paragraph (c) of this section must be clear and conspicuous."

46. 12 CFR § 1006.42(a) states:

(1) **In general**. A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

47. Defendant JM's undated correspondence fails to include all of the information described above. Specifically, Defendant's Letter fails to provide the name of the original creditor or the creditor on the itemization date.

48. Additionally, the Letter is not dated.

49. Despite the fact that the Letter is noted dated, the Letter states, in relevant part:

JOHNSON MARK LLC is a debt collector. We are trying to collect a debt that you owe to Midland Credit Management, Inc. We will use any information you give us to help collect the debt.

Our information shows:
You had an account from MIDLAND CREDIT MANAGEMENT – CA20.REG3 with account number XXXXXXXX-XX-6746

| | |
|---|---|
| As of 7/4/2019, you owed: | $1,234.77 |
| Between 7/4/2019 and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | - $0.00 |
| Total amount of the debt now: | $1,234.77 |

…

Midland Credit Management, Inc. has purchased the above-referenced account and is the current creditor.

50. Defendant MCM was not the original creditor and Plaintiff never had an account with Defendant MCM.

51. As a result, the statement that "You had an account from MIDLAND CREDIT MANAGEMENT" is false, misleading, and/or deceptive.

52. Furthermore, the statement that Plaintiff had an account with Defendant MCM and the statement that Defendant MCM purchased the debt are clearly contradictory in violation of the FDCPA.

53. Additionally, as Defendant MCM has not obtained a judgment, upon information and belief, it was not the creditor to whom the debt was owed on the itemization date.

54. Accordingly, Defendant JM failed to comply with the directives set by the CFPB.

55. Additionally, there is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

56. Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

57. It is common practice to date official letters.

58. Letters that lack a date make them seem illegitimate.

59. As noted, the Letter fails to provide information required by the CFPB.

60. Additionally, as noted, the Letter incorrectly states that Plaintiff had an account directly with Defendant MCM.

61. Additionally, regardless of the CFPB's statements, the Letter fails to properly advise Plaintiff as to the nature and status of the alleged debt as Defendant defined the debt by a date specific, but failed to actually specify such date.

62. Accordingly, the Letter failed to include multiple disclosures and statements required pursuant the rules promulgated by the CFPB.

63. Specifically, the Letter fails to include an accurate statement as to the creditor on the itemization date.

64. As Defendant failed to include properly state the creditor as of the itemization date, Plaintiff was thereby misled as to the nature and character of the subject debt.

65. This failure to comply with the CFPB directives is further compounded by the fact that the Letter inaccurately states that Plaintiff had an account with Defendant MCM.

66. Defendant's conduct, omissions, and misrepresentations cast a negative shadow over its debt collection practice in general.

67. By withholding the accurate information regarding the original creditor and the creditor on the itemization date, Defendant withheld material terms from Plaintiff which made it confusing for her to understand the nature of the subject debt.

68. To that end, Defendants' omissions and misrepresentations deprived the Plaintiff of the ability to determine the appropriateness, accuracy, and legitimacy of the debt.

69. Specifically, Plaintiff was unable to properly determine the amount of the debt based on Defendant's failure to date the letter, but define the amount of the debt based on "today" and "now."

70. Additionally, Plaintiff was unable to determine the legitimacy of the debt collection in general as Defendants failed to provide accurate and necessary information regarding the subject debt including accurately stating the original creditor and failing to accurately state the creditor on the itemization date.

71. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

72. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

73. When a consumer is faced with something less than the total story behind owing a debt, they often five up and choose to pay an unwarranted debt to avoid further trouble.

74. Knowing the state of affairs and swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

75. Congress further empowered the CFPB to promulgate rules for debt collectors to follow in their attempts to collect a debt.

76. As noted above, the CFPB set forth a series of rules under Regulation F, the primary purpose of such rules to ensure that the consumer is completely advised as to the status of the debt.

77. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional tort of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

78. Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

79. Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

80. Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

81. Plaintiff was confused and misled to his detriments by the statements in the Letter and relied on the contents of the Letter to his detriment.

82. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

83. Based on Plaintiff's reliance on the non-sensical and inaccurate information contained in the Letter, the monies Plaintiff could have used to pay all or some of the debt were used for other expenses and obligations.

84. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

85. As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

86. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

87. Plaintiff was confused and missed to his detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to his detriment.

88. One important element of consumer protection revolves around keeping the consumer informed.

89. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

90. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

91. These violations by Defendants were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

92. The Defendants' actions of stating that the amount of the debt was based on a date specific, but then failing to specify what that date was, arouses suspicion as to their underlying motivations for doing so.

93. The couching of the amount of the debt on a date specific, but failing to provide the date specific, makes it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

94. A consumer such as Plaintiff cannot pay an alleged debt, trusting the debt collector such as Defendant, when it appears that the information stated in the debt collector's letter is incorrect.

95. The issue is only compounded based on the fact that Defendant inaccurately stated that Plaintiff had an account with Defendant MCM, which it then contradicted by noting that Defendant MCM had purchased the debt.

96. These issues were further compounded by Defendants' failure to accurately state the creditor as of the itemization date.

97. Because of this, Plaintiff expended time and money in determining the proper course of action.

98. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

99. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

100.    In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

101.    Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

102.    Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent, sensible information, to ascertain what his options and possible response could or should be.

103.    Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt.

104.    When a debt collector fails to effectively inform the consumer of the legal status of their alleged debts, in violation of statutory law, the debt collector has harmed the consumer.

105.    As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

106.    As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

107.    Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 53 as if set forth herein.

108.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

109.     Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

110.     Defendant violated §1692d:

    a.  By omitting an itemization date from their dunning letter and defining Plaintiff's debt based on the omitted date.

111.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

112.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

113.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

114.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

115.     Defendant violated §1692e :

    a.  The Letter omits a required representation of the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

      b.  By failing to include all of the necessary information regarding the debt, including the name of the creditor to whom the debt was owed on the itemization date;

      c.  By making a false and misleading representations in violation of §1692e(10).

116.     By reason thereof, Defendant are liable to Plaintiff for judgment in that Defendant's conduct violated the FDCPA by failing to comply with the 15 U.S.C. § 1692e *et seq.*, actual damages, statutory damages, costs, and attorney's fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

117.     Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 53 as if set forth herein.

118.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

119.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

120.     Defendant violated §1692f:

      a.  By omitting a material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

121.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT IV**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g et seq.**

122.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

123.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

124.    Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

125.    Defendant violated §1692g(a)(1):

    a.    As the Letter fails to state the creditor as of the itemization date for which the amount of the alleged debt is based; and

    b.    The Letter provides inaccurate and conflicting information regarding the debt as to Defendant MCM;

126.    By reason thereof, Defendant are liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

127.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

    a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Brett Cragun, Esq. as Class Counsel;

b)  Awarding Plaintiff and the Class statutory damages;

c)  Awarding Plaintiff and the Class actual damages;

d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)  Awarding pre-judgment interest and post-judgment interest; and

f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: December 30, 2022                    Respectfully Submitted,

/s/ Brett Cragun
Brett D. Cragun (Utah Bar No. 8683)
Cragun & Cragun
Po box 160234
Clearfield, UT, 84016
Ph:  801-450-3267
Brett@Brettcragun.com
*Counsel for Plaintiff*